Melissa A. Higbee, Esq.
State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8331
(714) 597-6559 facsimile

*Attorney for Plaintiff,*
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> WADE'S FARM TO PLATE LLC; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 5:20-cv-532 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff, Adlife Marketing & Communications Co., Inc. ("Adlife" or "Plaintiff"), brings this complaint against Wade's Farm to Plate LLC, and DOES 1 through 10, inclusive (collectively "Wade's" or "Defendant" or "WFP") as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and resides within the State of Florida, Defendant's acts of infringement complained of herein occurred in the State of Florida, and Defendant caused injury to Plaintiff within the State of Florida.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Adlife Marketing & Communications Co., Inc. ("Adlife") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island.

6. Defendant WFP is a Florida limited liability company with a principal place of business at 4941 NW Blitchon Rd, Ocala, FL 34482 which operates the WFP website at www.wadesfarmtoplate.com. A true and correct copy of WFP's limited liability company Florida Detail by Entity Name report is attached hereto as Exhibit A.

7. Another possible address of WFP is 12970 NE Hwy 315, Ft. McCoy, FL 32134.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

### *Adlife and the Photograph Forming the Subject Matter of This Complaint*

9. Adlife is an advertising and marketing agency whose team of seasoned

professionals has, for decades, provided elite branding services to its clientele. With its innovative marketing campaigns and its production of high quality printed pieces such as retail circulars, signage, pamphlets and more, Adlife enables its clients to build a brand through compelling visual arrangements.

10. For decades, Adlife has created, artistically arranged and professionally produced a library of still images of food and other grocery items. Adlife's library now consists of over 20,000 photos. The photographs are high-resolution, artistically rendered with pleasing angles and selective lighting, color-corrected and color-separated, which makes them particularly valuable as, when used together, they provide color consistency.

11. For valuable consideration, Adlife has licensed the rights to reproduce, distribute and publicly display its copyrighted photographs, or derivative versions thereof, to other advertising agencies and retailers.

12. Adlife is the holder of all rights, title and interests in and to said food photograph, which form the subject matter of this dispute (the "Copyrighted Food Photograph" or the "Image").A true and correct copy of the Image is attached hereto as Exhibit B.

13. The Image is registered with the United States Copyright Office under registration number VA 2-022-602 with an effective registration date of November 18, 2016. A true and correct copy of the issued Registration Certificate is attached hereto as Exhibit C.

### *Defendant WFP*

14. Defendant WFP is a food supplier located in Ocala, Florida, which specializes in hormone free, organic, and pasture raised and fed foods, free from GMO and antibiotics. Attached hereto as Exhibit D are true and correct screenshots from the WFP's Website homepage so describing.

15. In order to advertise its food, WFP posts enticing images of food to its website, www.wadesfarmtoplate.com ("WFP's Website" or "Defendant's Website").

*See* WFP's Website homepage.

16. WFP has grown rapidly, and is moving from 83 acres of farms to over 300 acres. WFP serves both wholesale and direct to consumer markets. *See also* WFP's Website homepage.

17. The food images posted to WFP's website are the only images of the food that will be seen by many consumers prior to delivery of the food to the customer.

18. WFP is the owner and operator of the website www.wadesfarmtoplate.com.

19. WFP has the ability to control what is posted to WFP's Website.

20. WFP directly financially benefits from the advertising on WFP's Website.

### *WFP's Infringement of Adlife's Copyrighted Food Photograph*

21. On or about January 18, 2019, Adlife discovered the Image being used on several pages of WFP's Website advertising meat products.

22. Attached hereto as Exhibit E are true and correct screenshots of the pages on Defendant's Website featuring the Image.

23. Adlife has no record of issuing a license or otherwise granting Defendant WFP permission to use the Image.

24. On information and belief, WFP knew it did not have permission or a license to use the Image.

25. In June of 2019, counsel for Adlife contacted WFP who claimed that they had the belief that all images on WFP's website were taken in WFP's kitchen.

26. However, the image was removed from several parts of the WFP Website in fairly short order.

27. On information and belief, WFP removed the image after being contacted by Adlife's counsel because WFP knew that the Image was not taken in its kitchen.

28. In fact, the meat pictured in the Image did not even come from WFP's

farm.

29. The Image is still present and online at http://www.wadesfarmtoplate.com/uploads/6/2/2/3/62230657/s287081905157997123_p33_i1_w583.jpeg as of October 28, 2020.  A true and correct copy of the page at which the image is still posted as of October 28, 2020 is attached hereto as Exhibit F.

30. As this image was not fully removed from public display on the Website, even upon various communication attempts by Adlife's counsel, a court order may be necessary to force WFP to take the Image down.

<b>FIRST CAUSE OF ACTION<br>COPYRIGHT INFRINGEMENT<br>17 U.S.C. § 101 <i>et seq.</i></b>

31.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Plaintiff did not consent to, authorize, permit, or allow in any manner the distribution or public display of the Image by Defendant on Defendant's Website.

33. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, distributed, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

34. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

35. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

36. Plaintiff is also entitled to injunctive relief to prevent or restrain

infringement of its copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

• For a finding that Defendant infringed Plaintiff's copyright interest in the Image by copying and displaying without a license or consent;

• For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

• For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works and ordering that the Image be removed from where it is currently still publicly posted on Defendant's Website;

• For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

• For pre judgment interest as permitted by law; and

• For any other relief the Court deems just and proper.

Dated: October 30, 2020                                         Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Attorney for Plaintiff*